IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00373-BNB

STEVIE BROWN,

      Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,
LARIMER COUNTY, BOARD OF COUNTY COMMISSIONERS,
JOHN E. KOCHENBURGER,
JOHN D. MIDDLEBROOK, and
GINGER COOK,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Stevie Brown, initiated this action by filing *pro se* a Complaint (ECF No. 1).  On February 21, 2013, Mr. Brown filed an amended Complaint (ECF No. 5).  Mr. Brown claims that his rights under the United States Constitution and federal law were violated in 2001.  As relief he seeks damages and "protection against retaliation from any and all officials within the State of Colorado authorized to enforce the laws."  (ECF No. 5 at 5.)

Mr. Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Brown's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

The Court must construe the amended Complaint liberally because Mr. Brown is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Brown asserts four claims in the amended Complaint that arise out of a 2001 state court criminal case in which he was charged and convicted of harassment in the County Court of Larimer County, Colorado.  As background for his claims, Mr. Brown alleges that he

> was issued a no-bond arrest warrant, was arrested at his place of employment, extradited to Larimer County, and held in custody for approximately 56 hours before being released on a personal recognizance bond.  Plaintiff appeared in court on July 12, 2001, plead guilty to the charge, was sentenced to 180 days suspended jail time with one year good behavior, and a $150.00 fine.

(ECF No. 5 at 3.)

Mr. Brown first claims that he is Hispanic and that he was subjected to more severe penalties than a similarly situated Caucasian defendant in violation of his rights under the Fourteenth Amendment and 42 U.S.C. § 1981(a).  Mr. Brown next claims that his Eighth Amendment rights were violated because he was arrested pursuant to a no-

2

bond arrest warrant.  Mr. Brown contends in his third claim that he was denied due process when he was extradited to Larimer County instead of being taken to the nearest available judge following his arrest.  Mr. Brown finally claims that Defendants conspired to deny him due process and violate his rights under 42 U.S.C. § 1985(3) when they set a hearing in county court on a motion to dismiss his appeal.

The Court notes initially that in 2002 Mr. Brown filed a lawsuit in the District of Colorado raising most of these same claims.  *See Brown v. City of Loveland*, No. 02-cv-00843-RPM-PAC (D. Colo. Dec. 27, 2002).  Mr. Brown acknowledges that he filed a similar lawsuit in 2002, but he asserts that the 2002 lawsuit was dismissed for lack of jurisdiction rather than on the merits.  Mr. Brown is mistaken.  With the exception of certain claims in the 2002 lawsuit that were dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the 2002 lawsuit was dismissed with prejudice as to all named defendants.

Although Mr. Brown's 2002 lawsuit included additional claims and Defendants, each of the Defendants in the instant action was named as a Defendant in the 2002 lawsuit.  In addition, only claim three in the amended Complaint in the instant action, in which Mr. Brown asserts that he was denied due process when he was extradited to Larimer County instead of being taken to the nearest available judge following his arrest, was not actually raised in the 2002 lawsuit.  Thus, three of the claims in the amended Complaint are repetitive of claims Mr. Brown actually raised in the 2002 lawsuit.  Furthermore, the three repetitive claims in the amended Complaint were not among the claims dismissed without prejudice pursuant to *Heck*.  Instead, the three repetitive claims in the instant action were among the claims dismissed with prejudice in

3

the 2002 lawsuit.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has consulted its records and finds that three of Mr. Brown's claims in this action are repetitive of claims he raised in 02-cv-00843-RPM-PAC. Therefore, those repetitive claims must be dismissed as legally frivolous and malicious.

The Court also finds that the amended Complaint must be dismissed as legally frivolous because all of Mr. Brown's claims are barred by the applicable statutes of limitations. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a complaint *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

It is obvious on the face of the amended Complaint that Mr. Brown's claims are time-barred because the statutes of limitation that apply to Mr. Brown's claims are either two years or four years. *See Cross v. The Home Depot*, 390 F.3d 1283, 1288-89 (10th Cir. 2004) (statute of limitations for § 1981 claims in Colorado is either two years or four

4

years, depending on the nature of the § 1981 claim); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 claims in Colorado); *Lyons v. Kyner*, 367 F. App'x 878, 881-82 (10th Cir. 2010) (§ 1985(3) claims subject to same statute of limitations as § 1983 claims).

It is apparent that Mr. Brown's claims against Defendants accrued no later than 2002 because Mr. Brown actually raised three of his claims in the amended Complaint in his 2002 lawsuit.  With respect to claim three in the amended Complaint, which was not actually raised in the 2002 lawsuit, it is clear on the face of the amended Complaint that claim three accrued at the same time as Mr. Brown's other claims.  Therefore, because Mr. Brown did not file the instant action until 2013, all of his claims in the amended Complaint are barred by the applicable statutes of limitations and must be dismissed as legally frivolous.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint, the amended Complaint, and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of ___March_____, 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court